UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRES MARTINEZ, | : |
|     PETITIONER, | : CRIMINAL NO. 04-10299-PBS |
| | : |
| V. | : CIVIL NO. _____ |
| | : |
| UNITED STATES OF AMERICA, | : SS: AFFIDAVIT OF |
|     RESPONDENT. | :     ANDRES MARTINEZ |
| | : |

**PETITIONER'S AFFIDAVIT IN
SUPPORT OF MOTION TO
VACATE, SET ASIDE OR CORRECT SENTENCE.**

Now Comes ANDRES MARTINEZ, Petitioner pro se in the above captioned case and hereby depose and say pursuant to 28 U.S.C. §1742 under penalty of perjury, the following:

**(1)** I am the same Andres Martinez who was previously "defendant" in the above captioned case of United States of America v. Andres Martinez, in the United States District Court for the District of MASSACHUSETTS, Case No. 04-10299-PBS.

**(2)** I was represented by John F. Cicilline, Cicilline Law Office, 387 Atwells Av., Providence, Rhode Island, 02909.

(3)		Before sentencing I requested Counsel Cicilline to challenge the District Court intention to use a testimony of a witness at trial, against one of my co-defendants. I requested Counsel Cicilline to furnished transcripts of the trial, because I did not participate on the trial, I was not there, and my counsel was not there.

(4)		Counsel Cicilline told me not to worry that he will handle the situation and that the law did not allowed the Judge to use that testimony to enhance my drug quantity level.

(5)		I insisted with Counsel to furnished the transcripts, to review the transcripts, to object, to the use of that testimony I accepted responsibility and plead guilty way before that trial, why should that testimony, be used in my sentence.

(6)		Counsel Cicilline just told me not to worry that he had everything under control.

(7)		When the time come, even though that there was three different days of sentence, counsel did not review the transcripts. Counsel did not object to the use of the trial testimony nor other testimonies used to enhance my sentencing level with the drug quantity enhancement.

(8)		I never plead guilty to a manager role in the offense. I never plead guilty to 50 kilograms or more of cocaine.

(9)       For Counsel's error, and failing to object, the testimony was used, and I was found manager or organizer, and the drug quantity was enhanced at sentencing. I was sentence to 188 months of imprisonment.

(10)      I timely appeal, and the Circuit Court affirmed my conviction and sentence. Counsel Cicilline, tried to have my case be reheard by the Circuit as to no avail.

(11)      Counsel Cicilline failed to inform that I had 90 days to request a review via writ of cerciorari to the Supreme Court.

(12)      He did send me a letter, advising me that the Circuit did not want to rehear my case and that I have 10 days to go to the Supreme Court. By the time that letter get to me, it was to late. Accordingly, with what counsel told me.

(13)      Now I have found out that it was not true, that I had 90 days for a review with the Supreme Court. Therefore Counsel mislead me and his error, cause me to lose my opportunity of appeal the Circuit Court's decision.

Accordingly with all the above stated Counsel Cicilline was ineffective for failing to object, to the used of the trial testimony against me to enhance my drug quantity level, my role in the offense level, and my sentencing level. Counsel Cicilline was ineffective for failing to advised me correctly of the time period to file a writ of cerciorari to the Supreme Court.

Both errors prejudice me, the first one cause me to be serving a 188 months sentence when I should have been serving at least 120 months, accordinlgy with plea. And the second error prejudice me because I lost my opportunity and right for appeal, for his error I lost the opportunity for a review of my case by the Supreme Court.

Accordingly Sentence should be vacated.

Respectfully Submitted

*Andres Martinez*
ANDRES MARTINEZ
REG. NO. 80442-038
LSCI ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887

Done this __1º__ day of __Mayo__, 2008