UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANDRES MARTINEZ,
    PETITIONER,

                     CRIMINAL NO. _____

V.                   CIVIL NO. _____

UNITED STATES OF AMERICA,
    RESPONDENT.


PETITIONER'S PRO SE
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. §2255

Now Comes, ANDRES MARTINEZ, Petitioner pro se, in his motion to vacate, set aside or correct sentence under 28 U.S.C. §2255, and hereby respectfully request this Honorable Court for relief here in based upon the following:

Petitioner along with co-defendants one to thirty was indicted via second superseding indictment by a District Court Grand Jury on March 23, 2005. Count One of the second superseding indictment charge conspiracy to distribute cocaine in violation of 21 U.S.C. §846. Count Nine of the second superseding indictment charge possession with intent to distribute cocaine, 21 U.S.C. §841(a)(1).

On December 1, 2005, Petitioner plead guilty to the charges against him, Count One and Nine, without any determination of drug quantity. Petitioner has always objected to the quantity of drugs. Petitioner admitted that he knew there was a drug deal taken place on May 1, 2004, but, he didn't know the quantity of drugs involve.

-1-

Based on the position taken at first by petitioner rejecting his involvement in a 50 kilograms deal, the first plea was rejected by the Court.

In neither of the two plea colloquy hearing, was ever address the role in the offense, the Government didn't charge petitioner as leader nor organizer. Petitioner preserved the right to argue the drug quantity at sentence.

On June 16, 2006, after three separate days of sentencing hearing, beings the first of these held on June 2, 2006. The Court found that despite petitioner's objections and opposition he was accountable for the 50 kilograms recovered on May 1, 2004, and that he was manager and organizer. The Court gave level 36 for the offense level, plus 3 points as organizer which raised the level to 39, minus 3 points for acceptance of responsibility. The Court went on to sentence petitioner to 188 months of imprisonment.

Petitioner timely appeal, and on March 2, 2007, the First Circuit Court affirmed the Judgement and sentence relying on U.S. v. Cruz, 120 f.3d 1 (First Cir. 1999) because counsel didn't objected, nor asked for additional time to study the trial transcripts that the District Court advised, will be relying on this testimony to enhanced petitioner's sentence.

Counsel John Cicilline filed a re-hearing en banc, on my case which was denied on April 4, 2007, because the case submitted did not alter the outcome of the Panel's determination.

On May 7, 2007, Counsel Cicilline filed a motion on my behalf, requesting an appointment of counsel for a review of my case by the Supreme Court. This request was denied on May 17, 2007.

On May  2007,   Counsel Cicilline send me a letter stating that due to the fact that a request for counsel was denied my only remedy was a §2255 or to file a request for review to the Supreme Court for which I have 10 days.

Counsel Cicilline never told me that I have 90 days, for the day of the denial of my re-hearing en banc to file a writ of certiorari to the Supreme Court, when I found out during the preparation of this §2255 motion, it was to late. Therefore I lost my opportunity to file a writ of certiorari to the Supreme Court regarding my issues that has been debatable in the the Supreme Court for long time, and still Circuits are divided in opinion regarding the determination of drug quantity, and role in the offense not admitted at plea, nor found by jury beyond reasonable doubt.

Accordingly Counsel Cicilline was ineffective and his wrong performance prejudice petitioner.

## II. ISSUE:

Petitioner submits that the sole issue presented in his petition for habeas corpus relief is whether Counsel's failure to object to the testimony previously advised by district court that will rely on for the determination at sentence of drug quantity and role in the offense; and failure to request time to review the transcripts of said trial, and failure to advise petitioner of his opportunity to request that his case be review by the Supreme Court via writ of cerciorari within 90 days, constitutes per se ineffective assistance of counsel.

### III. RULE OF LAW:

The Six Amendment to the United States Constitution, clearly provides a right to have the assistance of counsel in all criminal prosecutions. The evaluation for determining whether an individual fell victim to ineffective assistance of counsel was fully addressed in <u>Strickland v. Washington</u>, 466 US 688, 105 S.Ct 2052, 80 L. Ed 2d 674 (1974), where the court held that a defendant asserting an ineffective assistance of counsel claim, must meet the following two prong test:

   (1) The Defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixt----- Amendment.

   (2) The Defendant must then show the deficient performance prejudiced the defense. This requires a showing that counsel made errors so serious as to deprive the defendant of a fair trial.

According to Strickland, "a convicted defendant making a claim of ineffective assistance of counsel, must, identify the acts or the omissions of counsel that (were) not the result of reasonable and professional judgment." <u>Strickland</u>, Supra, 466 US at 695. As in the present case, the petitioner was denied the right to effective assistance of counsel though-out the remaining judicial process. The right to effective assistance of counsel does not end at the conclusion of trial, but, continues though-out the remaining phases of the process. It is without question that the right to effective assistance of counsel includes, <u>Trial</u>, <u>Sentencing</u>, and <u>Direct Appeal</u>, See: <u>Strickland</u>, <u>Supra</u>

-4-

The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceedings. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance of counsel in certain Sixth Amendment cases, as will be established in the present case, prejudice must be presumed. In the context of actual or constructive denial of the assistance of counsel, it is legally presumed to result in prejudice. In Childress v. Johnson, 103 F. 3d 1221 (2d. Cir. 1997), the Court held that: "A constructive denial of counsel occurs in only a very narrow spectrum of cases where the circumstances leading up to counsel's ineffectiveness are so egregious that the defendant was denied any meaningful assistance at all."

Therefore, without Strickland, there would be no question about it, in a nut shell, it is undisputed that the right to effective assistance of counsel includes all stages fo the criminal judicial process.

For Sentencing purposes the Court may rely upon evidence adducted at a co-conspirator's trial as long as the defendant receives notice prior to its use and has the opportunity to challenge its reliability. (See US v. Cruz, 120 F.3d 1 (1st. Cir. 1997).

In general, when there are disputed sentencing factors that may have a measurable effect on the applicable punishment notice must be given to the defendant to allow an opportunity to comment on their accuracy. Fed. Rules Cri. Pros. 32(h) U.S.S.G. 6A1.3(a).
(See US v. Carey, 382 F.3d 387.

Defendant was entitled to meaningful opportunity to comment on factual information on which his sentence was based. U.S.S. G. 1B1.1 (See US v. Berzan, 941 F.2d 8 (1st. Cir. 1991).

### IV. APPLICATION:

Strickland v. Washington, 466 U.S. 688, 105 S.Ct 2052, 80 LEd 2d 674 (1974) established the following prongs for ineffective assistance of counsel:

> (1) The defendant must show that Counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth----- Amendment.

In the instant case petitioner will describe the issues which shows that counsel performance was deficient as follow:

(1)     Counsel Cicilline didn't request the transcripts of testimony of codefendant, that was going to be used to enhance my sentence. Despite that the court, accordingly with the government's brief on appeal, gave previous notice two week before sentence.
Counsel Cicilline didn't review this transcripts with me, we were not present at that trial, therefore, was impossible for me to know whatever was said in that trial.


(2)     Counsel Cicilline was afforded on June 2, 2006, another opportunity to review the transcripts to request them and to object to the use of said evidence against me. But for whatever reason unknown to petitioner he didn't object, nor request extension of time to review the evidence, and elaborate defense.

-6-

(3)     Counsel Cicilline erroneously advised me on April 6, 2007, that after the Court of Appeals denied my petition for rehearing en banc I had 10 days to seek a review by the Supreme Court. While I was preparing this §2255 motion I found out that he was in error. That I had 90 days to seek a writ of certiorari. If I would have known that on April 6, 2007, I would have seek a review of the Circuit's decision in my case.

Accordingly with the above stated there was ineffective assistance of counsel, for counsel's failure to object to the use of codefendant's trial testimony, for counsel's failure to request additional time to review the transcripts, of the Circuit's court denial of my direct appeal.

The panel that review my appeal states in its opinion the following:

> "The court gave the defense counsel notice that it would be relying on this testimony. Appellant neither objected nor asked for additional time to study the trial transcripts. under this circumstances, reliance on that testimony was appropriate."

(See First Circuit Court Judgement of March 2, 2007. Exhibit A).

There is no doubt that counsel made an error, and that error prejudiced petitioner because for failing to review the transcripts, Petitioner lost his opportunity to properly challenge the reliability of said testimony. As a matter of fact, petitioner was not present at that testimony, neither counsel Cicilline. Up to now Petitioner has never been provided with a copy of said testimony by counsel. Petitioner

-7-

heard at sentencing that, things were said about him, regarding supervision of other people, and drug quantity, but petitioner has never seen, the transcripts in which the court relied on because counsel never provided them to petitioner.

To satisfy the prong of Strickland "the defendant must show that counsel's representation fell below an objective standard of reasonableness" which means "reasonableness under prevaling professional norms." Id at 688, 104 S.Ct 2052.

The Government's brief in the direct appeal appears to suggest Counsel's ineffectiveness:

> "Martinez submitted written objections to the probation officer in which he disputed the calculation of his offense level, but provided no argument." Government brief on appeal. Page 9. Exhibit B).

As to the challenge of the evidence intended to use at sentencing the Government states:

> "Contrary to defendant's assertions, the District Court gave defendant specific notice two weeks before the actual sentencing that the court heard and would consider evidence regarding defendant's role in the offense introduced at the trial of defendant's codefendant. The notice was specific enough for defendant to take steps to challenge the evidence." (Government's brief page 16).

> Counsel never objected that the court could not do so or sought clarification of testimony in question over the course of the sentencing hearings." (Government's brief page 19)

-8-

Base on this statements it is clear that Counsel's performance fell well below professional standards.

Defendant is a man unversed at law matters, with an English language barrier; that makes him rely on his Counsel's professionalism. Therefore, the one to blame for petitioner's failing to object and request the transcripts and testimony of codefendant's trial is Counsel Cicilline, who is suppose to be aware of the law in the Circuit. Counsel Cicilline should have been aware of the Rule 32(h) and guidelines that provide for proper challenge of the evidence intended to be use against his client.

The record is clear that when petitioner was provided with the opportunity to allocute regarding his participation in the offense, he didn't admitted at first instance that he was involve in a 50 Kilograms of cocaine transaction. (Plea transcript 1:29-30).

The Court found that Martinez didn't provide an adequate factual basis for the plea, and rejected the plea. (Plea transcript 1:39-41)

Because of the insistance of counsel, and in order to have his plea accepted, petitioner on a continuance of Rule 11, on December 1, 2005, petitioner admitted that he knew cocaine was being delivered to the motel in Peabody and that he constructively possessed the cocaine. (Plea transcript 2:3)

This time the Court accepted the plea and petitioner preserved his right to argue at sentencing that he could not be held accountable for fifty kilograms of cocaine and that he should not be sentenced as an organizer or leader. (See Plea transcript 1:4-7, 28)

Therefore Counsel was total aware that his client dispute the drug quantity and role in the offense, and that because of that dispute, petitioner rejected to accepted in plea agreement a manager role or leader, and drug quantity. Obviously if petitioner would have been informed that the codefendant's testimony was going to be use, to enhance his sentence precisely in the areas where he didn't freely admitted he would have objected over counsel's inactions. But petitioner is not familiar with the law.

Under the circumstances, counsel should be held ineffective for failing to do his job properly, even though that he apparently is familiarize with the law.

> "From counsel's function as assistant to the defendant derive the overarching duty to advocate the defendant's cause and more particular duties to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution."
> (Strickland v. Washington, at 694)

Counsel Cicilline not only failed in the above statements and prejudice petitioner who since the beginning of the case challenge the drug quantity and role in the offense, but also failed to informed petitioner that he had 90 days to seek an overview from the Supreme Court via writ of cerciorari. Counsel filed a rehearing en banc which was denied by the Court of Appeals.

-10-

On April 6, 2007, counsel sent a letter to petitioner which was received four days later, advising petitioner of the denial of the rehearing en banc, and advising that petitioner should seek review by the Supreme Court within 10 days of the date on the letter.

Obviously it was to late for petitioner to seek review, a man that is not versed at law, and has an English language barrier is not able to make the corresponding research and put a motion to the Supreme Court together in four or five days.

It was not until petitioner begin preparing for this §2255 motion that petitioner acknowledge that he would have 90 days for the corresponding review.

Accordingly Counsel was ineffective and sentence should be vacated.

## V.   CONCLUSION.

It is petitioner belief that he has made proper showing of ineffective assistance of counsel. The record properly support this allegations when in the owns words of the government and the Court of Appeals, counsel was apparently served with notice by the District Court of its intend to rely in the testimony of petitioner's codefendant trial, to enhance petitioner sentence.

Accordingly with the record, counsel didn't present any objection, nor requested time to review the trial transcripts, been the case that neither counsel, nor client were present in that testimony.

That testimony was subjected to challenge because was contrary to what petitioner admitted as factual basis in the plea. And petitioner properly reserved his right to challenge drug quantity and role in the offense at sentencing.

Petitioner was prejudice because if petitioner would have been provided with the trial transcripts regarding the testimony in controversy, he would have challenge that testimony and would have rebuted the testimony. But he was not aware that this was possible because counsel never advised petitioner. Therefore, counsel was ineffective and evidentiary hearing should be ordered.

## VI. RELIEF SOUGHT:

Petitioner Andres Martinez respectfully requests this Honorable Court for the following relief:

A)   And ORDER remanding the case to the District Court for evidentiary hearing where petitioner can challenge the ineffective assistance of counsel.

B)   If said evidentiary hearing is ORDERED because a further factual inquiry is necessary to resolve this claim pursuant to this Circuit's declaration in Murchu v. United States, 926 F.2d 50 (1st. Cir. 1991), Petitioner is respectfully requesting appointment of counsel pursuant to 18 U.S.C. §3006A(2)(B), or

C)   Any other further relief that this Honorable Court deems just and appropriate and in the interest of justice.

Finally, in addition to the above requested relief, petitioner respectfully submits that he is entitled to five procedural protections when bringing a habeas corpus action in forma pauperis. They are:

1) Process issued and served;

2) Notice of any motion thereafter made by Defendant/Respondent or the Court to dismiss the complaint and the grounds therefore;

3) An opportunity to at least submit a written memorandum in opposition to such motion;

4) In the event of dismissal, a statement of the grounds therefore; and

5) An opportunity to amend the complaint to overcome any deficiency unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment. Noll v. Carlson, 809 F.2d 1446 (9th. Cir. 1987); see also Federal Rules of Civil Procedure 15(a) (habeas corpus petitions may be "amended or supplemented as provided in the rules of procedure applicable to civil actions"); Littlejohn v. Artuz, 271 F.3d 360, 363 (2nd Cir. 2001).

Done this _1º_ day of _Mayo_, 2008

Respectfully Submitted

ANDRES MARTINEZ
REG. NO. 80442-038
LSCI ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887