```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

ANDRES MARTINEZ                   )
                                  )    CIVIL ACTION NO.
                                  )
         v.                       )    08-cv-10782-PBS
                                  )
UNITED STATES OF AMERICA,         )    (Crim. No. 04-10299-PBS)
         Respondent               )
                                  )
```

**Government's Memorandum In Opposition To
Petitioner's Motion To Vacate Or Correct Sentence**

The United States respectfully submits that defendant's pro se petition to vacate or correct his sentence pursuant to 28 U.S.C. § 2255 should be denied.

**Procedural Background**

Petitioner Andres Martinez ("Martinez" or "defendant") and four others were arrested on May 1, 2004. On October 6, 2004, Martinez and twenty-three others were indicted by a federal grand jury and charged in a first superseding indictment with conspiracy to distribute, and to possess with intent to distribute, cocaine, in violation of 21 U.S.C. §846. On March 23, 2005, a federal grand jury returned a second superseding indictment. Count One of the second superseding indictment charged Martinez and twenty-nine others with conspiracy to distribute cocaine, in violation of 21 U.S.C. §846. Count Nine of the indictment charged Martinez and four others in count nine with possession with intent to distribute cocaine, in violation of 21 U.S.C. §841(a)(1).

On December 1, 2005, Martinez pled guilty to the charges

against him. The district court held evidentiary hearings for sentencing on June 2, 2006, June 9, 2006, and June 16, 2006. The hearing included testimony of one of Martinez's co-conspirators, Manuel Germosen. The sole contested factual issue concerned Martinez's role in the offense as a leader or organizer.

On June 16, 2005, the district court sentenced defendant to a period of 188 months in prison, five years of supervised release, and a $200 special assessment. As part of the sentence, the district court found that Martinez was responsible for at least fifty (50) kilograms of cocaine under U.S.S.G. §2D1.1(c)(2), resulting in a base offense level thirty-six (36). Martinez sole argument against this finding was that this amount of cocaine, fifty kilograms was not charged in the indictment. The court further found that Martinez was an organizer and leader of criminal activity and enhanced his offense level by three (3) levels pursuant to U.S.S.G. §3B1.1(b). After receiving a three (3) level reduction for acceptance or responsibility, Martinez's total offense level went back to thirty-six (36), yielding a Guideline Sentencing Range of 188 to 235 months. The court sentenced Martinez to the low-end of the applicable guideline sentencing range, 188 months.

In finding that Martinez was leader and organizer, the court informed Martinez that the court was relying on substantial part on testimony from a previous trial (U.S. v. Daniel Aguilar and

Roberto Solorio) in which Martinez's role in the offense was illuminated regarding the delivery of fifty (50) kilograms of cocaine seized on May 1, 2004.

Martinez subsequently appealed his sentence on multiple grounds. In particular, Martinez argued that the court: (1) inappropriately relied on the testimony of the Auguilar/Solorio trial to enhance Martinez's role in the offense; (2) erred in failing to give Martinez proper notice about the court's reliacne on this testimony; and (3) erred in ruling, as a matter of law, that the government was not required to the charge in the indictment that the conspiracy involved at least fifty kilograms of cocaine and the defendant was an organizer or leader under <u>Apprendi</u>. The Court of Appeals rejected each of these arguments and affirmed on March 2, 2007 in a one page unpublished opinion. The time for filing a petition for certiorari therefore ran on May 31, 2007. Sup. Ct. R. 13(1), 13(3).

### **Argument**

Martinez filed the instant petition, *pro se*, in this Court on May 7, 2008 seeking under 28 U.S.C. § 2255. In his petition, the defendant appears to make two claims. First, defendant claims his counsel provided ineffective assistance by failing to object and review trial testimony used to enhance defendant's drug quantity and role in the offense prior to sentencing. Second, Martinez claims his counsel provided ineffective

assistance by failing to properly advise him of the opportunity to seek review of the Appeals Court's ruling via a *writ of certiorari* to the United States Supreme Court within ninety (90) days.  Since both claims are without merit, defendant's petition should be denied without the need of a hearing.

**A.   Habeas Review Under 28 U.S.C. § 2255**

Section 2255, Title 28, United States Code, provides a means for collateral attack on the sentence under which a federal prisoner is confined.  United States v. Haymen, 342 U.S. 205 (1952).  The law is "well-settled" that "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  United States v. Frady, 456 U.S. 152, 166 (1982).  "A presumption of finality attaches to criminal convictions once all direct appeals have been exhausted."  Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994).  See also Barefoot v. Estelle, 463 U.S. 880, 887 (1983).

In order for relief to lie under §2255, the claimed error must be jurisdictional, constitutional, "a fundamental defect which inherently results in a complete miscarriage of justice", or "an omission inconsistent with the rudimentary demands of fair procedure."  United States v. Addonozio, 442 U.S. 178, 185 (1979); Hill v. United States, 368 U.S. 424, 428 (1962).  Simply put, "post conviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of

fundamental unfairness." Singleton, 26 F.3d at 236; See also Brecht v. Abrahamson, 507 U.S. 619, 634-634 (1993).

Here, Martinez has failed to meet his burden. Martinez has not shown that his counsel was constitutionally ineffective or that errors that he claims his counsel made any difference in the sentence the defendant received.

1. **Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution states that "in all criminal prosecutions, the accused shall enjoy the right . . . to have assistance of counsel for his defense." U.S. Const. Amend. VI. "It has long been recognized that the right to counsel is the right to effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). However, the United States Supreme Court has held that "judicial scrutiny of counsel's performance must be highly deferential." Strickland v. Washington, 466 U.S. 668, 689 (1984). Therefore, courts must "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. at 689.

The standard employed for determining the merits of ineffective assistance claims is whether the assistance of defense counsel was reasonably competent, i.e., whether the quality of defense counsel's representation was within the range of competence expected of attorneys in criminal cases. United States v. Bosch, 584 F.2d 1113, 1121 (1st Cir. 1978). Effective

5

representation does not mean errorless representation and "a choice between trial tactics, which appears unwise only in hindsight, does not constitute constitutionally-deficient representation under the reasonably competent assistance standard."  <u>Bosch</u>, 584 F.2d at 1121.  See also <u>United States v. Thomann</u>, 609 F.2d 560, 566 (1st Cir. 1979); <u>United States v. Garcia</u>, 698 F.2d 31, 35 (1st Cir. 1983).  Moreover, even deficient representation is legally insignificant unless accompanied by actual prejudice. <u>United States v. McGill</u>, 11 F.3d 223, 226 (1st Cir. 1993) ("petitioner must establish both constitutionally deficient performance on his attorney's part and concomitant prejudice").

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the 6th Amendment.  Second, the defendant must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A §2255 petitioner must demonstrate ineffective assistance of counsel, as well as an entitlement to §2255 relief, by a preponderance of the evidence.  <u>Lema v. United States</u>, 987 F.2d 48, 51 (1st Cir. 1993); <u>Barrett v. United States</u>, 965 F.2d 1184,

1186 (1st Cir. 1992).

### a. Alleged Failure to Review Trial Testimony

Martinez's claim of ineffective assistance of counsel is based upon the supposed failure of counsel to object to and review the transcripts of the trial of co-defendants Daniel Aguilar and Roberto Solorio which the court used to enhance Martinez's drug quantity and role in the offense at sentencing. Martinez unsuccessfully argued on appeal that the use of this testimony was inappropriate and that he had sufficient notice.

Martinez's argument first fails for two reasons.  First, as the district court aptly noted, the evidence regarding Martinez's leadership regarding the delivery of fifty (50) kilograms of cocaine on May 1, 2004 was clear and overwhelming. Even in the face of this overwhelming evidence, the court only enhanced Martinez's sentence by three levels, instead of four. Second, even assuming Martinez's claim to be true, there is no indication that his counsel's failure to review testimony reaches the level to where he was deprived of a fair sentencing process. See U.S. v. Rogers, 41 F.3d 25 (1st Cir. 1994) (While defense counsel should have objected to certain parts of police testimony, failure of defense counsel to make evidentiary objection to testimony did not strip defendant of "the very means that are essential to subject the prosecution's case to adversarial testing.") quoting U.S. v. Daniels, 3 F.3d 26, 26-27

(1st Cir. 1993)(citing Strickland, 466 U.S. at 694). Instead, the issue regarding Martinez's role in offense was aptly litigated and challenged over the course of three days of evidentiary hearings. Finally, Martinez has failed to identify any further objections that his counsel could have made that would alter this court's ruling in his appeal, given that the arguments which were likely to be made failed on appeal. See Guzman v. U.S., 2005 WL 3710110 (D. Mass. June 04, 2004) (Strickland test not met when petitioner identified no valid objections that his counsel would have been able to raise had he discussed the issue with his client); U.S. v. Ortiz Oliveras, 717 F.2d 1 (1st cir. 1983) (Tactical decisions by counsel, wise or unwise, cannot ordinarily form the basis of a claim of ineffective assistance).

### b. Failure to advise defendant of opportunity to seek writ of certiorari within 90 days.

Martinez further argues that his counsel was constitutionally deficient because his counsel informed him he had only ten (10) days to seek review of his conviction to the United States Supreme Court via *writ of certiorari* instead of the full ninety (90) days as permitted by Rules of the Supreme Court, section 13.1, 13.3. Thus, this is not a case where a criminal defendant missed a filing deadline due his lawyers bad advice. Furthermore, given the Court of Appeals terse resolution of Martinez's appeal, it is extremely unlikely that Martinez would

8

have had any success in the U.S. Supreme Court.

Furthermore, the Supreme Court has ruled that because the right to counsel does not extend to discretionary appeals, such as a *writ of certiorari*, a defendant cannot base a claim of ineffective assistance of counsel on the failure of counsel to pursue such a claim.  <u>Wainwright v. Torna</u>, 455 U.S. 586.  <u>See Hurley v. U.S.</u>, 1999 WL 33649128 (D.R.I. September 20, 1999) (Defendant's right to counsel did not extend to writ of certiorari and counsel was not found to be ineffective assistance for failing to file); <u>U.S. v. Ferrell</u>, 730 F.Supp. 1338 (E.D. Pa. 1989) (Trial counsel's alleged failure to inform defendant that appeal to the Third Circuit had been denied, allegedly preventing timely filing of writ of certiorari to United States Supreme Court did not constitute ineffective assistance); <u>See also Cadavid v. U.S.</u>, 1994 WL 22005 (D. N.J. January 18, 1994); <u>U.S. v. Sturdivant</u>, 2008 WL 1774113 (W.D. Pa. April 17, 2008).

## Conclusion

For the foregoing reasons, the government respectfully requests that the Court deny Martinez's motion since it seeks to raise a meritless claim.

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

                               By: /s/Neil J. Gallagher
                                          Neil J. Gallagher
                                          Assistant U.S. Attorney

DATED:   July 11, 2008.

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

>Andres Martinez
>Inmate Reg. No. 80442-038
>Low Security Correctional Institution Allenwood
>P.O. Box 1000
>White Deer, PA 17887

This 11th day of July 2008.

>/s/ Neil Gallagher
>NEIL J. GALLAGHER
>ASSISTANT UNITED STATES ATTORNEY