UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANDRES MARTINEZ,                  :

    Petitioner,                   :       Civil Action No.

                                  :       08 CV 10782 PBS

v.                                :

UNITED STATES OF AMERICA,         :

    Respondent.                   :

PETITIONER'S REPLY TO THE
GOVERNMENT'S BRIEF IN OPPOSITION
TO PETITIONER'S 2255 MOTION, AND
PETITIONER'S OPPOSITION TO THE
GOVERNMENT'S REQUEST FOR EXTENSION
OF TIME

**NOW COMES**, Andres Martinez, Petitioner Pro Se, in the above captioned matter and hereby replies to the Government's Brief in Opposition to Petitioner's claim under ineffective assistance of counsel, and Petitioner, also in pro se, to the Government's request for extension of time to reply.

Petitioner respectfully requests that this most Honorable Court view this request in the spirit of <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), and remain cognizant of his pro se status. Nonetheless, the Petitioner is a man that is not versed in matters of law, and is left with his own inadequate devices in his endeavor to put this motion in order without assistance nor guidance from counsel.

— I —

    Petitioner first opposes the Government's Motion for an Extension of Time to Respond to Petitioner's 2255 Motion.

    The request for response to a 2255 motion is a discretion of the Judge presiding over the 2255 procedure.

    The Honorable Court, on May 8, 2008, after reviewing the 2255 motion pursuant to Rule 4, ordered the Government to respond within 20 days of the order. See Exhibit A.

    The Government then requested an extension of time to respond, and explained the reasons why it was not possible to respond within 20 days, starting May 8, 2008. Therefore the Government's response was due by May 29, 2008.

    The Government requested the first extension of time to respond which was granted on June 11, 2008, and was ordered to respond by June 24, 2008. See Exhibit B.

    Petitioner was served as required by law with a copy of the Government's second Motion for an Extension until July 11, 2008. However, the Government failed to notify Petitioner that it failed to meet the original deadline of 20 days (see Exhibit A). No action was taken that the Petitioner is aware of between May 28, 2008 and June 11, 2008. The Government then failed again to reply as ordered by June 24, 2008 and delayed any action until July 11, 2008 when it filed another extension motion. Petitioner has not been served with a copy of the Court's decision on any additional extensions granted to the Government.

    Now, on July 11, 2008, one month after the first motion

for an extension of time was granted, and 17 days after the response order was overdue, the Government filed its response, and adjoined a copy of the motion for an extension of time.

The Government may have had good cause for the request for an extension of time to respond. However, the request itself was filed late, and the Government failed to satisfactorily state the reasons for the delay.

The Government simply stated that US Attorney Neil Gallagher, completed a jury trial on Monday, July 7, 2008. But it is reasonable to think that this trial didn't commence on June 23, 2008, because if it would have started on June 23, 2008, the Government would have advised it on the motion for extension of time.

It is Petitioner's belief that the approval of the motion for an extension of time was unreasonable, and in violation of the rules governing a 2255 motion.

The due process clause provides that the Government is bound by rules governing 2255, and civil procedure, to the same degree as Petitioner. The first thing that the Government would argue without mercy is that a late 2255 motion be denied accordingly with AEDPA in a case where a defendant fails to meet the required deadline.

Therefore, the same rules should be applied here. There is no apparent reason for the United States District Attorney's Office which is in contact on a day-by-day basis with the District Court, to file a motion for an extension of time in anything but a timely manner and even then only with just cause.

Therefore the Petitioner strongly opposes the Government's motion for an extension of time. The Government's failure to meet the required deadline as ordered by the Court is unreasonable.

Nonetheless, Petitioner will reply to the Government's Brief in Opposition of the 2255 Motion.

— II —

For the reason stated above as well as the following reasons, the Government's Motion in Opposition to the 2255 Motion should not be pursued by this Honorable District Court.

Petitioner states in his 2255 motion, and also asserts in his affidavit in support of his 2255 motion, allegations of out-of-record conversations with counsel Cicilline that if taken as true, entitles Petitioner to relief.

The Government failed to ascertain an affidavit from counsel Cicilline. If the Government did request an affidavit from counsel it is not contained in the brief in response. There is no mention in the brief of any action on the part of the Government to ascertain an affidavit from counsel Cicilline.

This act leaves the record incomplete and the Honorable District Court unable to make a determination if what Petitioner is claiming, is true or not.

Petitioner was prejudiced by counsel Cicilline's decision not to request from this Honorable Court the transcripts of the trial in which this Honorable Court would need to rely on to determine if in fact the Petitioner was a leader or organizer

4.

and the quantity of drugs involved.

The fact is that Petitioner has always challenged these issues. It is reasonable to think that the District Court should decide who's at fault or why the transcripts were not reviewed and challenged before sentencing as requested numerous times by Petitioner to his counsel.

This Honorable District Court is aware that counsel Cicilline was going to rely on these trial transcripts for drug quantity and Petitioner's role in the offense determination. Counsel Cicilline is the law expert, not Petitioner. Though the Petitioner constantly requested counsel to review said transcripts and to provide them in order for Petitioner to be able to argue the issue at sentencing, counsel Cicilline ignored Petitioner's requests.

This is properly documented in Petitioner's 2255 motion and the affidavit in support.

Petitioner was not present at that trial. It was inherently important for Petitioner to review those transcripts as requested through counsel Cicilline.

The First Circuit Court of Appeals, when counsel Cicilline in a last hope effort argued the purportedly improper use of those transcripts for drug quantity and role in the offense determination on the part of the District Court, stated:

> "The Court gave the defense counsel notice that it would be relying on this testimony. Appellant neither objected nor asked for additional time to study the trial transcripts. Under the circumstances, reliance on that testimony was appropriate."

5.

>(See First Circuit panel determination of
>March 2nd, 2007, submitted as Exhibit A
>on Petitioner's 2255 motion)

This leaves us with the question: Was Petitioner consulted regarding the objection as to the use of those transcripts, or as to the request for additional time to review the transcripts?

The response is that Petitioner was consulted and he requested counsel personally to request the additional time, because Petitioner wanted to review the transcripts and prepare arguments for sentencing.

Counsel's answer was, "Don't worry, I have everything under control, the law does not allow the judge to use that testimony." (See Petitioner's affidavit, page 2, 6). The transcripts were never furnished to Petitioner by counsel, counsel didn't properly prepare for sentencing even though the Court offered additional time for said review of the transcripts.

Why did counsel Cicilline choose not to review the transcripts? Why did counsel Cicilline fail to furnish them to Petitioner as requested? Why did counsel ignore the District Court's opportunity for additional time to properly prepare for sentencing?

These are the questions the Petitioner requests to address in front of the court, to see what counsel Cicilline has to say.

Accordingly the Government was required to request an affidavit from counsel Cicilline. The Government failed to ascertain said affidavit as required.

Therefore, an evidentiary hearing should be held for counsel Cicilline to respond for his errors.

Errors that the First Circuit highlighted in their opinion in a footnote, but didn't address because ineffective assistance issues should be argued in a 2255 motion.

Errors that prejudiced the Petitioner, who, with the proper review of said testimony, could have persuaded the District Court not to take said testimony into account at Petitioner's sentencing.

The issue regarding counsel's failure to advise Petitioner of the 90 days available by law to seek a writ of certiorari to the Supreme Court, has been an issue that is debatable among jurists of reason, therefore it is proper for debate in a 2255 evidentiary hearing.

— CONCLUSION —

Petitioner has demonstrated that the Government failed to go through proper due process as required by law, to request an extension of time to respond to Petitioner's requests.

The Government has also failed to assist the Honorable District Court, with the completeness of the record for review. Where knowing that Petitioner was making, under penalty of perjury, assertions regarding counsel's wrong-doing, ineffective assistance and conversations out of record.

The Government also failed to obtain an affidavit from counsel Cicilline. Therefore it is the Petitioner's belief that

an evidentiary hearing should be granted, and counsel should be appointed for the assistance of Petitioner in further legal proceedings.

Respectfully Submitted,

*Andres Martinez*
Andres Martinez
Reg. No. 80442-083
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887

Dated on 21 day of July, 2008.

## CERTIFICATE OF SERVICE

This is to certify that I have this day mailed the foregoing document to the person listed below by depositing it with the mailroom staff at LSCI Allenwood in White Deer, PA 17887, postage pre-paid and properly addressed for delivery via US Mail. I certify under penalty of perjury that the foregoing is true and correct.  28 U.S.C. § 1746.

> United States Attorney's Office
> District of Massachusetts
> John J. Moakley Courthouse
> Suite 9200
> 1 Courthouse Way
> Boston, MA 02210

*Andres Martinez*
Andres Martinez
Reg. No. 80442-038
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887

Date: 21 July 2008