**Orders on Motions**
1:08-cv-10782-PBS Martinez v. USA

### United States District Court

### District of Massachusetts

**Notice of Electronic Filing**

The following transaction was entered on 6/11/2008 at 7:47 AM EDT and filed on 6/11/2008
**Case Name:**         Martinez v. USA
**Case Number:**       1:08-cv-10782
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Judge Patti B. Saris: Electronic ORDER entered granting [2] MOTION for Extension of Time to 06/24/08 to File Response/Reply as to 1 Motion to Vacate/Set Aside/Correct Sentence (2255) by USA. Response due by 6/24/2008 (Alba, Robert)**

**1:08-cv-10782 Notice has been electronically mailed to:**

Neil J. Gallagher, Jr  neil.gallagher@usdoj.gov, usama.ecf@usdoj.gov

**1:08-cv-10782 Notice will not be electronically mailed to:**

Andres Martinez
80442-038
FCI - Allenwood
P.O. Box 1000
White Deer, PA 17887

Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRES MARTINEZ | )<br>)   CIVIL ACTION NO.<br>) |
| v. | )<br>)   08-cv-10782-PBS<br>) |
| UNITED STATES OF AMERICA,<br>           Respondent | )<br>)<br>)<br>) |

UNITED STATES' MOTION FOR EXTENSION OF
TIME TO FILE OPPOSITION TO DEFENDANT'S
<u>PETITION PURSUANT TO 18 U.S.C. §2255</u>

The United States respectfully moves this Court for an extension of time, until July 11, 2008, to submit an opposition to petitioner Andres Martinez's motion to vacate, set aside, or correct sentence pursuant to 18 U.S.C. §2255. As grounds, the government submits that undersigned counsel recently completed a jury trial on Monday, July 7, 2008 in the case of U.S. v. Jadlowe, 05-10306-RGS.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                        By:   /s/ Neil Gallagher
                              Neil J. Gallagher, Jr.
                              Assistant U.S. Attorney

DATED:    July 11, 2008

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

**Andres Martinez**
80442-038
FCI - Allenwood
P.O. Box 1000
White Deer, PA 17887


This 11th day of July 2008.


                        /s/ Neil Gallagher
                        NEIL GALLAGHER
                        ASSISTANT UNITED STATES ATTORNEY

# United States Court of Appeals
## For the First Circuit

No. 06-2304

UNITED STATES,

Appellee,

v.

ANDRES MARTINEZ,

Defendant, Appellant.

Before

Lipez, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

**JUDGMENT**
Entered: March 2, 2007

Appellant pled guilty to two counts alleging his participation in a cocaine trafficking conspiracy. He appeals his sentence of 188 months imprisonment, the bottom of the applicable advisory guideline range, on three grounds. First, he argues that there was a violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). However, he correctly concedes that Apprendi pertains only to judge-made findings that raise a sentence above the applicable statutory maximum and does not govern calculations under the now advisory United States Sentencing Guidelines. See, e.g., United States v. Piccolo, 282 F.3d 41, 43 (1st Cir. 2002)(citing numerous cases holding Apprendi inapposite where sentence does not exceed lowest applicable statutory maximum).

Second, appellant argues that the court should not have relied upon testimony given at the trial of a co-conspirator in determining his role in the offense. The court gave the defense counsel notice that it would be relying on this testimony. Appellant neither objected nor asked for additional time to study the trial transcript. Under the circumstances, reliance on that

testimony was appropriate. See United States v. Cruz, 120 F.3d 1, 2 (1st Cir. 1997)(en banc). As appellant is aware, the presentence report, upon which the sentencing court may rely, recommended an even larger enhancement for role in the offense than that imposed.

Finally, appellant's contends that under advisory United States Sentencing Guideline § 3B1.1(b), the enhancement should not have been imposed unless there was a showing that he supervised five participants in the offense. Application note 2 makes plain that a defendant who otherwise qualifies as a supervisor need only exercise his authority over one other participant.

We discern no error in either the sentence or the sentencing procedure.

The judgment is <u>affirmed</u>. See 1st Cir. R. 27.0 (c).

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: _____
Chief Deputy Clerk.

[cc: Neil J. Gallagher, AUSA, Sandra S. Bower, AUSA, Dina Michael Chaitowitz, AUSA, Randall E. Kromm, Esq., John F. Cicilline, Esq., John M. Cicilline, Esq., Andres Martinez]

(3)     Before sentencing I requested Counsel Cicilline to challenge the District Court intention to use a testimony of a witness at trial, against one of my co-defendants. I requested Counsel Cicilline to furnished transcripts of the trial, because I did not participate on the trial, I was not there, and my counsel was not there.

(4)     Counsel Cicilline told me not to worry that he will handle the situation and that the law did not allowed the Judge to use that testimony to enhance my drug quantity level.

(5)     I insisted with Counsel to furnished the transcripts, to review the transcripts, to object, to the use of that testimony I accepted responsibility and plead guilty way before that trial, why should that testimony, be used in my sentence.

(6)     Counsel Cicilline just told me not to worry that he had everything under control.

(7)     When the time come, even though that there was three different days of sentence, counsel did not review the transcripts. Counsel did not object to the use of the trial testimony nor other testimonies used to enhance my sentencing level with the drug quantity enhancement.

(8)     I never plead guilty to a manager role in the offense. I never plead guilty to 50 kilograms or more of cocaine.