```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

```
_____
                                   )
ANDRES MARTINEZ,                   )
               Petitioner          )     CIVIL ACTION NO.
                                   )
     v.                            )     08-cv-10782-PBS
                                   )
UNITED STATES OF AMERICA,          )
               Respondent          )
_____)
```

## MEMORANDUM AND ORDER

December 11, 2008

Saris, U.S.D.J.

*Pro se* petitioner Andres Martinez, convicted of drug trafficking, has moved to vacate or correct his sentence pursuant to 18 U.S.C. § 2255 on the ground that he received ineffective assistance of counsel (1) because his attorney failed to object to, or review, testimony which the Court said it would rely on in determining drug quantity and role in the offense at sentencing; and (2) failure to advise petitioner of the correct time period for appeal to the Supreme Court. For the following reasons, the motion is **DENIED**.

## BACKGROUND

On December 1, 2005, Martinez pled guilty to drug trafficking charges. The Court held evidentiary hearings for sentencing on June 2, 2006, June 9, 2006, and June 16, 2006. The hearings included the testimony of Martinez' co-conspirator, Manuel Germosen. The sole contested factual issue at sentencing

was Martinez' role in the offense.  The Court found that Martinez was a manager or supervisor of criminal activity and enhanced his offense level by three levels pursuant to U.S.S.G. § 3B1.1(b), relying on the testimony of his co-conspirators from a previous trial and the testimony of Germosen.  The Court also found that Martinez was responsible for at least fifty kilograms of cocaine under U.S.S.G. § 2D1.1(c)(2).

Martinez appealed his sentence to the First Circuit arguing that reliance upon the trial testimony of his co-conspirators in determining his role in the offense was improper.  The First Circuit, however, "discern[ed] no error in either the sentence or the sentencing procedure."  United States v. Martinez, No. 06-2304, slip op. at 2 (1st Cir. Mar. 2, 2007).  It noted that this Court gave the defense counsel notice that it would be relying on co-conspirator testimony, and that Martinez neither objected, nor asked for additional time to study the trial transcript.  Id. at 1.  It then held that, under the circumstances, reliance on the testimony was appropriate.  Id. at 1-2 (citing United States v. Cruz, 120 F.3d 1, 2 (1st Cir. 1997) (en banc)).  Martinez now argues that his counsel provided ineffective assistance by "failing" to object to, and review, his co-conspirators' trial testimony, and also by failing to inform him of the correct deadline for filing a petition for writ of certiorari to the Supreme Court following the First Circuit's ruling.

**DISCUSSION**

    A.   <u>Ineffective Assistance of Counsel Standard</u>

The petitioner's burden of proving ineffective assistance of counsel is two-fold. He must prove both "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for the error or errors, the outcome would likely have been different." <u>Cofske v. United States</u>, 290 F.3d 437, 441 (1st Cir. 2002) (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)).

    B.   <u>Failure to Review, or Object to, Statements from Prior Proceedings</u>

Even assuming, as Martinez asserts, that Martinez' counsel failed to review his co-conspirators' trial testimony, and further assuming that his counsel's failure to object to and review the testimony fell below an objective standard of reasonableness, Martinez' claim fails because Martinez has not demonstrated that he was prejudiced.

As to the Court's finding that Martinez was responsible for at least fifty kilograms of cocaine, the issue was not even contested at sentencing, and the Court's finding rested quite comfortably on the fact that the Court "saw [the 50 kilograms of cocaine] piled up in [the] courtroom." (Sentencing Hr'g Tr. vol. 3, 31, June 16, 2006).

As to the Court's finding that Martinez was a manager or supervisor, had Martinez' counsel objected to the co-

conspirators' testimony, the objection would have been overruled. The sentencing court has "broad discretion to determine what data is, or is not, sufficiently dependable to be used in imposing sentence." United States v. Tardiff, 969 F.2d 1283, 1287 (1st Cir. 1992) (citing United States v. Figaro, 935 F.2d 4, 8 (1st Cir. 1991)). Hearsay evidence is admissible during sentencing hearings, even hearsay "not previously tested in the crucible of cross-examination." Tardiff, 969 F.2d at 1287 (citing United States v. Aymelek, 926 F.2d 64, 68 (1st Cir. 1991)). The testimony of a co-conspirator as to the defendant's role in the offense is reliable within the meaning of U.S.S.G. § 6A1.3(a).[1] See United States v. McCarthy, 961 F.2d 972, 978-979 (1st Cir. 1992) (affirming district court's reliance on co-conspirators' trial testimony about defendant's role in the offense) (citing United States v. Berzon, 941 F.2d 8, 19 (1st Cir. 1991)); see also, Cruz, 120 F.3d at 2 (1st Cir. 1997) (en banc) (same). Adding great reliability to the trial testimony, Germosen's testimony made clear that Martinez was the manager or supervisor of a significant cocaine distribution ring, (see, e.g., Sentencing Hr'g Tr. vol. 2, 28, June 9, 2006) (testifying that Andres was in charge of the organization); id. at 27 (testifying

---

[1] "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a).

4

about at least 6 people, including himself, that were in the organization)), as did numerous intercepted phone calls which the United States brought to the attention of the Court. (United States' Sentencing Mem. 1-11). Martinez has not produced any information or evidence that would establish that the outcome of his sentencing proceeding would likely have been different had his counsel reviewed and objected to his co-conspirators' testimony. His first claim fails.

    C.    <u>The Correct Writ of Certiorari Deadline</u>

Martinez also contends that his counsel provided ineffective assistance by failing to properly advise him of the correct time frame for filing for a petition for writ of certiorari to the United States Supreme Court.

Criminal defendants are not deprived of effective assistance of counsel when counsel fails to file a timely application for certiorari. <u>See</u> <u>Wainwright v. Torna</u>, 455 U.S. 586, 587-88 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely."); <u>see</u> <u>also</u> <u>United States v. Ferrell</u>, 730 F. Supp. 1338, 1340 (E.D. Pa. 1989) (counsel's alleged failure to inform defendant that appeal had been denied, thus preventing timely filing of a petition for writ of certiorari, did not constitute ineffective assistance). Thus counsel's failure to advise Martinez of the correct time period for filing a petition for writ of certiorari

cannot support a claim for ineffective assistance of counsel.

## CONCLUSION

The motion to vacate, set aside or correct sentence pursuant 28 U.S.C. § 2255 [Docket No. 734] is **DENIED**.

/s/ Patti B. Saris
_____
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE